IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICK WILLIAMS, ANDY TOWN, | ) | |
| JAMES BRYAN GRANT, | ) | |
| ERIN BURGESS, DEVIN MYERS, | ) | |
| ANDREW BARTON, NICK JACKSON, | ) | |
| JIM PIERCE,  DUSTIN MORRIS, | ) | |
| CHRIS WILLIAMS,  ADAM WRIGHT, | ) | |
| DAN THACKER, RYAN GALBRAITH | ) | CAUSE NO.  1:16-cv-878 |
| and ROBERT AVILA, | ) | |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGIE'S LIST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Nick Williams, Andy Town, James Bryan Grant, Erin Burgess, Devin Myers, Andrew Barton, Nick Jackson, Jim Pierce, Dustin Morris, Chris Williams, Adam Wright, Dan Thacker, Ryan Galbraith and Robert Avila (collectively "Plaintiffs"), by counsel, for themselves, and on behalf of all other similarly situated current and former employees of Angie's List, Inc. ("Angie's List") bring this Complaint against their former employer, Angie's List, for overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and in support state as follows:

**I.     PARTIES, VENUE AND JURISDICTION**

1.      Plaintiff Nick Williams ("N. Williams") is a citizen and resident of Indiana, and was an employee of Angie's List from February 2014 to February 2016.

2.    Plaintiff Andy Town ("Town") is a citizen and resident of Indiana, and was an employee of Angie's List from November 2010 to January 20, 2016.

3.    Plaintiff James Bryan Grant ("Grant") is a citizen and resident of Indiana, and was an employee of Angie's List from June 3, 2013, to January 14, 2016.

4.    Plaintiff Erin Burgess ("Burgess") is a citizen and resident of Indiana, and was an employee of Angie's List from May 2, 2011, to December 23, 2015.

5.    Plaintiff Devin Myers ("Myers") is a citizen and resident of Indiana, and was an employee of Angie's List from November 2014 to September 2015.

6.    Plaintiff Andrew Barton ("Barton") is a citizen and resident of Indiana, and was an employee of Angie's List from March 2014 to February 3, 2016.

7.    Plaintiff Nick Jackson ("Jackson") is a citizen and resident of Indiana, and was an employee of Angie's List from April 2012 to February 2016.

8.    Plaintiff Jim Pierce ("Pierce") is a citizen and resident of Indiana, and was an employee of Angie's List from September 23, 2013, to January 2016.

9.    Plaintiff Dustin Morris ("Morris") is a citizen and resident of Indiana, and was an employee of Angie's List from December 3, 2011, to January 24, 2016.

10.    Plaintiff Chris Williams ("C. Williams") is a citizen and resident of Indiana, and was an employee of Angie's List from April 2014 to January 2016.

11.    Plaintiff Adam Wright ("Wright") is a citizen and resident of Indiana, and was an employee of Angie's List from March 17, 2014, to January 15, 2016.

12.    Plaintiff Dan Thacker ("Thacker") is a citizen and resident of Indiana, and was an employee of Angie's List from April 2014 to March 12, 2016.

13.     Ryan Galbraith ("Galbraith") is a citizen and resident of Indiana, and was an employee of Angie's List from November 17, 2011, to March 7, 2016.

14.     Plaintiff Robert Avila ("Avila") is a citizen and resident of Indiana, and was an employee of Angie's List from September 2011 to June 2015, and from December 2015 to March 2016.

15.     Defendant Angie's List is an Indiana corporation authorized to do and doing business in Marion County, Indiana, with its principal place of business located at 1030 East Washington Street, Indianapolis, IN 46202.

16.     This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (FLSA), *as amended*, 29 U.S.C. § 201 *et seq.* to recover for themselves, and on behalf of all other similarly situated current and former employees, overtime wages, back pay, additional equal amounts as liquidated damages, pre-judgment and post judgment interest, costs and expenses, reasonable attorneys' fees, and declaratory and injunctive relief. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law.

17.     Venue is proper pursuant to 28 U.S.C. § 1391 in that Angie's List is subject to personal jurisdiction in the Southern District of Indiana, Angie's List regularly conducts business activities within the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana.

18.     At all material times herein, all Plaintiffs, as well as those similarly situated, were employees of Angie's List and frequently worked in excess of forty hours per week.

19.     Pursuant to the provisions of 29 U.S.C. § 216(b), Plaintiffs are proceeding for and on behalf of themselves and similarly situated current and former employees of Defendant.

20.     Plaintiffs anticipate that additional employees, both current and former, of Defendant will file written consents to 29 U.S.C. § 216(b) to join as party plaintiffs in this action.

21.     At all relevant times herein, Angie's List was and is an enterprise engaged in commerce pursuant to the FLSA.  It directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiffs' and similarly situated current and former employees' employment, and hence was their employer and/or joint employer under the FLSA.

22.     At all material times, Angie's List employed Plaintiffs, as well as similarly situated employees, with job duties and responsibilities that are non-exempt under the FLSA.

## FACTUAL ALLEGATIONS

23.     Plaintiffs hereby incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

24.     At various points in time from 2010-2016, and for various periods of years, all Plaintiffs worked for Defendant at Defendant's sales offices in Indianapolis holding sales representative positions which were assigned various titles at various times, including, but not limited to: Senior Solutions Consultant, Ad Sales Consultant, Senior Sales Associate, Account Manager, Discovery Representative, Big Deal

Representative/Consultant and/or Eligibility Representative (collectively referred to as "sales representatives").

25.     As sales representatives, Plaintiffs were non-exempt employees pursuant to the FLSA.

26.     Grant worked as an Advertising Sales Training Coordinator from February 2014 to May 2015.

27.     As an Advertising Sales Training Coordinator, Grant was a non-exempt employee pursuant to FLSA.

28.     On many occasions, Plaintiffs and similarly situated employees worked over forty hours in a workweek, but did not receive overtime pay for all overtime hours worked, or at their correct rates of pay.

29.     As sales representatives, Plaintiffs were required to submit time records documenting their hours worked on a weekly basis.

30.     Angie's List, through its sales trainers, sales managers, sales directors, and/or other executives or officers, routinely and regularly instructed its sales representatives, including Plaintiffs and other similarly situated employees, to under-report, or not report, hours worked in excess of forty hours per week, so as to avoid paying overtime compensation to those employees.

31.     Plaintiffs and other similarly situated employees routinely worked hours in excess of forty hours per week, but did not report all hours worked because their supervisors instructed them to do that.

32.     Angie's List knew or should have known that most, if not all, of its sales representatives, including Plaintiffs and others similarly situated, regularly worked hours in excess of forty hours per week, but did not pay them for all overtime hours worked.

33.     As an Advertising Sales Training Coordinator, Grant routinely worked in excess of forty hours per week, but did not receive compensation for overtime hours worked.

34.     Wright resigned in January of 2016. Angie's List failed to pay him the bonus that his sales team earned in January.

35.     Barton resigned in February of 2016. Angie's List failed to pay him his final two-week paycheck, his accrued and unused vacation balance, and his commission for January 2016.

36.     Plaintiffs and all other similarly situated current and former employees are victims of Defendant's practice of shorting them on overtime pay.

## COUNT I

## FLSA COLLECTIVE OVERTIME CLAIMS

37.     Plaintiffs hereby incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

38.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Plaintiffs and similarly situated employees for a workweek longer than forty hours without paying compensation for their employment at rates not less than one and one-half times the employees' regular rates of pay.

39.     During the employment of Plaintiffs and similarly situated employees during their respective periods of employment, Plaintiffs and similarly situated employees frequently worked in excess of forty hours in a workweek.

40.     However, Defendant, negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay to them all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

41.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and similarly situated employees seek to recover and are entitled to recover their unpaid overtime compensation, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and are entitled to other appropriate legal and equitable relief, all costs of these proceedings, and attorneys' fees.

## COUNT II

## FLSA INDIVIDUAL OVERTIME CLAIMS

42.     Plaintiffs hereby incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

43.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ N. Williams for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times N. Williams's regular rate of pay.

44.     During N. Williams's employment, he has frequently worked in excess of forty hours in a workweek.

45.     Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all

7

overtime compensation earned by N. Williams in violation of the FLSA, including 29 U.S.C. § 207(a).

46.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Town for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Town's regular rate of pay.

47.     During Town's employment, he has frequently worked in excess of forty hours in a workweek.

48.     Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Town in violation of the FLSA, including 29 U.S.C. § 207(a).

49.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Grant for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Grant's regular rate of pay.

50.     During Grant's employment, he has frequently worked in excess of forty hours in a workweek.

51.      Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Grant in violation of the FLSA, including 29 U.S.C. § 207(a).

52.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Burgess for a workweek longer than forty hours without paying compensation for her work at a rate of not less than one and one-half times Burgess's regular rate of pay.

53.	During Burgess's employment, she frequently worked in excess of forty hours in a workweek.

54.	Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Burgess in violation of the FLSA, including 29 U.S.C. § 207(a).

55.	Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Myers for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Myers's regular rate of pay.

56.	During Myers's employment, he has frequently worked in excess of forty hours in a workweek.

57.	Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Myers in violation of the FLSA, including 29 U.S.C. § 207(a).

58.	Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Barton for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Barton's regular rate of pay.

59.	During Barton's employment, he has frequently worked in excess of forty hours in a workweek.

60.	Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all

overtime compensation earned by Barton in violation of the FLSA, including 29 U.S.C. § 207(a).

61.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Jackson for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Jackson's regular rate of pay.

62.     During Jackson's employment, he has frequently worked in excess of forty hours in a workweek.

63.     Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Jackson in violation of the FLSA, including 29 U.S.C. § 207(a).

64.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Pierce for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Pierce's regular rate of pay.

65.     During Pierce's employment, he has frequently worked in excess of forty hours in a workweek.

66.     Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Pierce in violation of the FLSA, including 29 U.S.C. § 207(a).

67.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Morris for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Morris's regular rate of pay.

68.     During Morris's employment, he has frequently worked in excess of forty hours in a workweek.

69.     Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Morris in violation of the FLSA, including 29 U.S.C. § 207(a).

70.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ C. Williams for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times C. Williams's regular rate of pay.

71.     During C. Williams's employment, he has frequently worked in excess of forty hours in a workweek.

72.     Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by C. Williams in violation of the FLSA, including 29 U.S.C. § 207(a).

73. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Wright for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Wright's regular rate of pay.

74.     During Wright's employment, he has frequently worked in excess of forty hours in a workweek.

75.     Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all

overtime compensation earned by Wright in violation of the FLSA, including 29 U.S.C. §
207(a).

76.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ
Thacker for a workweek longer than forty hours without paying compensation for his
work at a rate of not less than one and one-half times Thacker's regular rate of pay.

77.     During Thacker's employment, he has frequently worked in excess of
forty hours in a workweek.

78.     Defendant negligently, without good faith, knowingly, intentionally,
and/or in bad faith, and continually and as a continuing violation, failed to pay all
overtime compensation earned by Thacker in violation of the FLSA, including 29 U.S.C.
§ 207(a).

79.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ
Galbraith for a workweek longer than forty hours without paying compensation for his
work at a rate of not less than one and one-half times Galbraith's regular rate of pay.

80.     During Galbraith's employment, he has frequently worked in excess of
forty hours in a workweek.

81.     Defendant negligently, without good faith, knowingly, intentionally,
and/or in bad faith, and continually and as a continuing violation, failed to pay all
overtime compensation earned by Galbraith in violation of the FLSA, including 29
U.S.C. § 207(a).

82.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Avila
for a workweek longer than forty hours without paying compensation for his work at a
rate of not less than one and one-half times Avila's regular rate of pay.

83.     During Avila's employment, he has frequently worked in excess of forty hours in a workweek.

84.     Defendant negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Avila in violation of the FLSA, including 29 U.S.C. § 207(a).

## COUNT III

### INDIANA WAGE PAYMENT STATUTE[1]
### (N. WILLIAMS, TOWN, GRANT, MYERS, BARTON, JACKSON, MORRIS, C. WILLIAMS, WRIGHT, THACKER, GALBRAITH, AVILA)

85.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

86.     N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith and Avila all resigned their employment with Angie's List.

87.     Angie's List is an employer subject to the Indiana Wage Payment Statute in that it employed N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, and Avila in Indiana. Ind. Code § 22-2-5-1.

88.     Angie's List is required to pay N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, and Avila for all wages earned to a date not more than 10 business days prior to the date of payment. Ind. Code § 22-2-5-1.

---

[1] Former employees who were terminated by Angie's List must bring claims under the Indiana Wage Claims Statute. Ind. Code § 22-2-9-1 *et seq*. Plaintiffs intend to file an Amended Complaint adding claims under the Indiana Wage Claims Statute on behalf of Erin Burgess and Jim Pierce once they receive letters of referral from the Indiana Attorney General's Office authorizing them to bring an action in Court on this claim.

89.     Angie's List failed to pay N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, and Avila for all wages earned, including but not limited to overtime hours worked, vacation pay, bonus pay, and/or commission pay within 10 business days of the dates they were earned, and/or within 10 business days of the dates of their resignations.

90.     N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, and Avila have been damaged by Angie's List's violations of the Indiana Wage Payment Statute and are entitled to payment of all accrued and unpaid compensation, as well as liquidated damages, attorney fees, and expenses. Ind. Code § 22-2-5-2.

## RELIEF REQUESTED

Plaintiffs Nick Williams, Andy Town, James Bryan Grant, Erin Burgess, Devin Myers, Andrew Barton, Nick Jackson, Jim Pierce, Dustin Morris, Chris Williams, Adam Wright, Dan Thacker, Ryan Galbraith, Robert Avila, and all other similarly situated employees request the following relief:

(a)     the full amount of their unpaid and/or underpaid overtime wrongfully withheld from payment in violation of § 207(a), and equal amounts as liquidated damages;

(b)     all wages and economic benefits under the Indiana Wage Payment Statute and/or Indiana Wage Claims Statute, including but not limited to wages earned, overtime compensation, vacation pay, bonus pay, commission pay, and double amounts as liquidated damages;

(c)     pre-judgment and post-judgment interest;

14

(d)      costs, expenses, and attorneys' fees; and

(e)      all other damages to which they may be entitled to in the premises.

Respectfully submitted,


__/s/ Kathleen A. DeLaney_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205

## JURY DEMAND

Plaintiffs Nick Williams, Andy Town, James Bryan Grant, Erin Burgess, Devin Myers, Andrew Barton, Nick Jackson, Jim Pierce, Dustin Morris, Chris Williams, Adam Wright, Dan Thacker, Ryan Galbraith, Robert Avila, by counsel, respectfully request a trial by jury on all issues so triable.

Respectfully submitted,


__/s/ Kathleen A. DeLaney_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205

15