IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICK WILLIAMS, ANDY TOWN, | ) | |
| JAMES BRYAN GRANT, | ) | |
| ERIN BURGESS, DEVIN MYERS, | ) | |
| ANDREW BARTON, NICK JACKSON, | ) | |
| JIM PIERCE,  DUSTIN MORRIS, | ) | |
| CHRIS WILLIAMS,  ADAM WRIGHT, | ) | |
| DAN THACKER,  RYAN GALBRAITH, | ) | CAUSE NO.  1:16-cv-878-WTL-MJD |
| ROBERT AVILA, JEFFREY GAER, | ) | |
| JAMES JENKINS, TINA JENKINS, | ) | |
| ZACH MAYHEW, DESMOND WHITE, | ) | |
| TROY PADILLA, BOB THOMAS, | ) | |
| JENNIFER LEEMAN, LISA HENSLEY, | ) | |
| MATT RYNARD, SAM MAXWELL, | ) | |
| GREG NOWLIN, ADAM GILLAM, | ) | |
| JUSTIN GLOVER,    DANNY ARNOLD, | ) | |
| CHRISTINE DAVIS, TODD GOENS, | ) | |
| ZACH SYRUS, BILL HINES, | ) | |
| DEREK HOLLINGSWORTH, | ) | |
| HAGEN YUNGWIRTH, | ) | |
| MIKE BROWNING,  ANDRE SUZANO, | ) | |
| JAMES CHAMBERS, KELLY KEEFER, | ) | |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGIE'S LIST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Nick Williams, Andy Town, James Bryan Grant, Erin Burgess, Devin

Myers, Andrew Barton, Nick Jackson, Jim Pierce, Dustin Morris, Chris Williams, Adam

Wright, Dan Thacker, Ryan Galbraith, Robert Avila, Jeffrey Gaer, James Jenkins, Tina

Jenkins, Zach Mayhew, Desmond White, Troy Padilla, Bob Thomas, Jennifer Leeman,

Lisa Hensley, Matt Rynard, Sam Maxwell, Greg Nowlin, Adam Gillam, Justin Glover, Danny Arnold, Christine Davis, Todd Goens, Zach Syrus, Bill Hines, Derek Hollingsworth, Hagen Yungwirth, Mike Browning, Andre Suzano, James Chambers, and Kelly Keefer (collectively "Plaintiffs"), by counsel, for themselves, and on behalf of all other similarly situated current and former employees of Angie's List, Inc. ("Angie's List") bring this Second Amended Complaint against their former employer, Angie's List, for overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and in support state as follows:

## I.    PARTIES, VENUE AND JURISDICTION

1.    Plaintiff Nick Williams ("N. Williams") is a citizen and resident of Indiana, and was an employee of Angie's List from February 2014 to February 2016.

2.    Plaintiff Andy Town ("Town") is a citizen and resident of Indiana, and was an employee of Angie's List from November 2010 to January 20, 2016.

3.    Plaintiff James Bryan Grant ("Grant") is a citizen and resident of Indiana, and was an employee of Angie's List from June 3, 2013, to January 14, 2016.

4.    Plaintiff Erin Burgess ("Burgess") is a citizen and resident of Indiana, and was an employee of Angie's List from May 2, 2011, to December 23, 2015.

5.    Plaintiff Devin Myers ("Myers") is a citizen and resident of Indiana, and was an employee of Angie's List from November 2014 to September 2015.

6.    Plaintiff Andrew Barton ("Barton") is a citizen and resident of Indiana, and was an employee of Angie's List from March 2014 to February 3, 2016.

7.    Plaintiff Nick Jackson ("Jackson") is a citizen and resident of Indiana, and was an employee of Angie's List from April 2012 to February 2016.

8.     Plaintiff Jim Pierce ("Pierce") is a citizen and resident of Indiana, and was an employee of Angie's List from September 23, 2013, to January 2016.

9.     Plaintiff Dustin Morris ("Morris") is a citizen and resident of Indiana, and was an employee of Angie's List from December 3, 2011, to January 24, 2016.

10.     Plaintiff Chris Williams ("C. Williams") is a citizen and resident of Indiana, and was an employee of Angie's List from April 2014 to January 2016.

11.     Plaintiff Adam Wright ("Wright") is a citizen and resident of Indiana, and was an employee of Angie's List from March 17, 2014, to January 15, 2016.

12.     Plaintiff Dan Thacker ("Thacker") is a citizen and resident of Indiana, and was an employee of Angie's List from April 2014 to March 12, 2016.

13.     Plaintiff Ryan Galbraith ("Galbraith") is a citizen and resident of Indiana, and was an employee of Angie's List from November 17, 2011, to March 7, 2016.

14.     Plaintiff Robert Avila ("Avila") is a citizen and resident of Indiana, and was an employee of Angie's List from September 2011 to June 2015, and from December 2015 to March 2016.

15.     Plaintiff Jeffrey Gaer ("Gaer") is a citizen and resident of Indiana, and was an employee of Angie's List from March 2014 to February 2016.

16.     Plaintiff James Jenkins ("J. Jenkins") is a citizen and resident of Indiana, and was an employee of Angie's List from July 2010 to December of 2015.

17.     Plaintiff Tina Jenkins ("T. Jenkins") is a citizen and resident of Indiana, and was an employee of Angie's List from November 12, 2012 to February 16, 2016.

18.     Plaintiff Zach Mayhew ("Mayhew") is a citizen and resident of Indiana, and was an employee of Angie's List from October 2014 to October 2015.

19.    Plaintiff Desmond White ("White") is a citizen and resident of Indiana, and was an employee of Angie's List from March 2013 to March 14, 2016.

20.    Plaintiff Troy Padilla ("Padilla") is a citizen and resident of Indiana, and was an employee of Angie's List from October 2012 to February 2015.

21.    Plaintiff Bob Thomas ("Thomas") is a citizen and resident of Indiana, and was an employee of Angie's List from June 2013 to February 2014.

22.    Plaintiff Jennifer Leeman ("Leeman") is a citizen and resident of Indiana, and was an employee of Angie's List from January 2012 to January 21, 2016.

23.    Plaintiff Lisa Hensley ("Hensley") is a citizen and resident of Indiana, and was an employee of Angie's List from 2012 to May 5, 2014.

24.    Plaintiff Matt Rynard ("Rynard") is a citizen and resident of Indiana, and was an employee of Angie's List from June 2013 to June 2015.

25.    Plaintiff Sam Maxwell ("Maxwell") is a citizen and resident of Indiana, and is a current employee of Angie's List. Maxwell has been an employee of Angie's List since April 13, 2013.

26.    Plaintiff Greg Nowlin ("Nowlin") is a citizen and resident of Indiana, and was an employee of Angie's List from January 2014 to October 2015.

27.    Plaintiff Adam Gillam ("Gillam") is a citizen and resident of Indiana, and was an employee of Angie's List from April 2012 to May 2, 2014.

28.    Plaintiff Justin Glover ("Glover") is a citizen and resident of Indiana, and was an employee of Angie's List from December 2013 to February 2016.

29.    Plaintiff Danny Arnold ("Arnold") is a citizen and resident of Indiana, and was an employee of Angie's List from April 2014 to September 2015.

30.    Plaintiff Christine Davis ("Davis") is a citizen and resident of Indiana, and was an employee of Angie's List from February 2014 to September 2015.

31.    Plaintiff Todd Goens ("Goens") is a citizen and resident of Indiana, and was an employee of Angie's List from August 2014 to March 2015.

32.    Plaintiff Zach Syrus ("Syrus") is a citizen and resident of Indiana, and was an employee of Angie's List from July 2015 to January 4, 2016.

33.    Plaintiff Bill Hines ("Hines") is a citizen and resident of Indiana, and was an employee of Angie's List from January 23, 2013 to October 8, 2015.

34.    Plaintiff Derek Hollingsworth ("Hollingsworth") is a citizen and resident of Indiana, and was an employee of Angie's List from December 2013 to September 2014.

35.    Plaintiff Hagen Yungwirth ("Yungwirth") is a citizen and resident of Indiana, and was an employee of Angie's List from December 5, 2014 to February 2016.

36.    Plaintiff Mike Browning ("Browning") is a citizen and resident of Indiana, and was an employee of Angie's List from March 2013 to December 2015.

37.    Plaintiff Andre Suzano ("Suzano") is a citizen and resident of Indiana, and was an employee of Angie's List from July 2014 to June 2015.

38.    Plaintiff James Chambers ("Chambers") is a citizen and resident of Indiana, and was an employee of Angie's List from April 1, 2013 to June 2015.

39.    Plaintiff Kelly Keefer ("Keefer") is a citizen and resident of Indiana, and was an employee of Angie's List from February 2013 to January 2016.

40.     Defendant Angie's List is an Indiana corporation authorized to do and doing business in Marion County, Indiana, with its principal place of business located at 1030 East Washington Street, Indianapolis, IN 46202.

41.     This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (FLSA), *as amended*, 29 U.S.C. § 201 *et seq.* to recover for themselves, and on behalf of all other similarly situated current and former employees, overtime wages, back pay, additional equal amounts as liquidated damages, pre-judgment and post judgment interest, costs and expenses, reasonable attorneys' fees, and declaratory and injunctive relief. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law.

42.     Venue is proper pursuant to 28 U.S.C. § 1391 in that Angie's List is subject to personal jurisdiction in the Southern District of Indiana, Angie's List regularly conducts business activities within the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana.

43.     At all material times herein, all Plaintiffs, as well as those similarly situated, were employees of Angie's List and frequently worked in excess of forty hours per week.

44.     Pursuant to the provisions of 29 U.S.C. § 216(b), Plaintiffs are proceeding for and on behalf of themselves and similarly situated current and former employees of Defendant.

6

45. Plaintiffs anticipate that additional employees, both current and former, of Defendant will file written consents to 29 U.S.C. § 216(b) to join as party plaintiffs in this action.

46. At all relevant times herein, Angie's List was and is an enterprise engaged in commerce pursuant to the FLSA. It directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiffs' and similarly situated current and former employees' employment, and hence was their employer and/or joint employer under the FLSA.

47. At all material times, Angie's List employed Plaintiffs, as well as similarly situated employees, with job duties and responsibilities that are non-exempt under the FLSA.

## FACTUAL ALLEGATIONS

48. Plaintiffs hereby incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

49. At various points in time from 2010-2016, and for various periods of years, all Plaintiffs worked for Defendant at Defendant's sales offices in Indianapolis holding sales representative positions which were assigned various titles at various times, including, but not limited to: Senior Solutions Consultant, Ad Sales Consultant, Senior Sales Associate, Account Manager, Account Executive, Discovery Representative, Big Deal Representative/Consultant and/or Eligibility Representative (collectively referred to as "sales representatives").

50. As sales representatives, Plaintiffs were non-exempt employees pursuant to the FLSA.

51.    Grant worked as an Advertising Sales Training Coordinator from February 2014 to May 2015.

52.    As an Advertising Sales Training Coordinator, Grant was a non-exempt employee pursuant to FLSA.

53.    On many occasions, Plaintiffs and similarly situated employees worked over forty hours in a workweek, but did not receive overtime pay for all overtime hours worked, or at their correct rates of pay.

54.    As sales representatives, Plaintiffs were required to submit time records documenting their hours worked on a weekly basis.

55.    Angie's List, through its sales trainers, sales managers, sales directors, and/or other executives or officers, routinely and regularly instructed its sales representatives, including Plaintiffs and other similarly situated employees, to under-report, or not report, hours worked in excess of forty hours per week, so as to avoid paying overtime compensation to those employees.

56.    Plaintiffs and other similarly situated employees routinely worked hours in excess of forty hours per week, but did not report all hours worked because their supervisors instructed them to do that.

57.    Angie's List knew or should have known that most, if not all, of its sales representatives, including Plaintiffs and others similarly situated, regularly worked hours in excess of forty hours per week, but did not pay them for all overtime hours worked.

58.    As an Advertising Sales Training Coordinator, Grant routinely worked in excess of forty hours per week, but did not receive compensation for overtime hours worked.

59. Wright resigned in January of 2016. Angie's List failed to pay him the bonus that his sales team earned in January.

60. Barton resigned in February of 2016. Angie's List failed to pay him his final two-week paycheck, his accrued and unused vacation balance, and his commission for January 2016.

61. Mayhew resigned in October of 2015. Angie's List failed to pay him for his final week as an employee, during which he used paid vacation time.

62. Angie's List terminated Hensley's employment on May 5, 2014. Angie's List failed to pay Hensley for residual commissions earned prior to her termination, but not scheduled to be paid out until after her termination.

63. Angie's List terminated Gillam's employment in May of 2014. Angie's List failed to pay Gillam for residual commissions earned prior to his termination, but not scheduled to be paid out until after his termination.

64. Arnold resigned in September 2015. Angie's List failed to pay him half of his bonus for August 2015 and his bonus for September 2015.

65. Syrus resigned on January 4, 2016. Angie's List has failed to pay Syrus his full referral bonus earned in the fall 2014 and his full performance bonus for September 2015.

66. Plaintiffs and all other similarly situated current and former employees are victims of Defendant's practice of shorting them on overtime pay.

## COUNT I

### FLSA COLLECTIVE OVERTIME CLAIMS

67.     Plaintiffs hereby incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

68.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Plaintiffs and similarly situated employees for a workweek longer than forty hours without paying compensation for their employment at rates not less than one and one-half times the employees' regular rates of pay.

69.     During the employment of Plaintiffs and similarly situated employees during their respective periods of employment, Plaintiffs and similarly situated employees frequently worked in excess of forty hours in a workweek.

70.     However, Defendant, negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay to them all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

71.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and similarly situated employees seek to recover and are entitled to recover their unpaid overtime compensation, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and are entitled to other appropriate legal and equitable relief, all costs of these proceedings, and attorneys' fees.

## COUNT II

## FLSA INDIVIDUAL OVERTIME CLAIMS

72.     Plaintiffs hereby incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

73.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ N. Williams for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times N. Williams's regular rate of pay.

74.     During N. Williams's employment, he has frequently worked in excess of forty hours in a workweek.

75.     Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by N. Williams in violation of the FLSA, including 29 U.S.C. § 207(a).

76.     Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Town for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Town's regular rate of pay.

77.     During Town's employment, he has frequently worked in excess of forty hours in a workweek.

78.     Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Town in violation of the FLSA, including 29 U.S.C. § 207(a).

11

79.	Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Grant for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Grant's regular rate of pay.

80.	During Grant's employment, he has frequently worked in excess of forty hours in a workweek.

81.	Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Grant in violation of the FLSA, including 29 U.S.C. § 207(a).

82.	Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Burgess for a workweek longer than forty hours without paying compensation for her work at a rate of not less than one and one-half times Burgess's regular rate of pay.

83.	During Burgess's employment, she frequently worked in excess of forty hours in a workweek.

84.	Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Burgess in violation of the FLSA, including 29 U.S.C. § 207(a).

85.	Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Myers for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Myers's regular rate of pay.

86.	During Myers's employment, he has frequently worked in excess of forty hours in a workweek.

12

87. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Myers in violation of the FLSA, including 29 U.S.C. § 207(a).

88. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Barton for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Barton's regular rate of pay.

89. During Barton's employment, he has frequently worked in excess of forty hours in a workweek.

90. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Barton in violation of the FLSA, including 29 U.S.C. § 207(a).

91. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Jackson for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Jackson's regular rate of pay.

92. During Jackson's employment, he has frequently worked in excess of forty hours in a workweek.

93. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Jackson in violation of the FLSA, including 29 U.S.C. § 207(a).

94.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Pierce for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Pierce's regular rate of pay.

95.    During Pierce's employment, he has frequently worked in excess of forty hours in a workweek.

96.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Pierce in violation of the FLSA, including 29 U.S.C. § 207(a).

97.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Morris for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Morris's regular rate of pay.

98.    During Morris's employment, he has frequently worked in excess of forty hours in a workweek.

99.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Morris in violation of the FLSA, including 29 U.S.C. § 207(a).

100.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ C. Williams for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times C. Williams's regular rate of pay.

101.    During C. Williams's employment, he has frequently worked in excess of forty hours in a workweek.

14

102.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by C. Williams in violation of the FLSA, including 29 U.S.C. § 207(a).

103.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Wright for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Wright's regular rate of pay.

104.    During Wright's employment, he has frequently worked in excess of forty hours in a workweek.

105.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Wright in violation of the FLSA, including 29 U.S.C. § 207(a).

106.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Thacker for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Thacker's regular rate of pay.

107.    During Thacker's employment, he has frequently worked in excess of forty hours in a workweek.

108.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Thacker in violation of the FLSA, including 29 U.S.C. § 207(a).

109.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Galbraith for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Galbraith's regular rate of pay.

110.    During Galbraith's employment, he has frequently worked in excess of forty hours in a workweek.

111.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Galbraith in violation of the FLSA, including 29 U.S.C. § 207(a).

112.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Avila for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Avila's regular rate of pay.

113.    During Avila's employment, he has frequently worked in excess of forty hours in a workweek.

114.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Avila in violation of the FLSA, including 29 U.S.C. § 207(a).

115.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Gaer for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Gaer's regular rate of pay.

116.    During Gaer's employment, he has frequently worked in excess of forty hours in a workweek.

117.   Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Gaer in violation of the FLSA, including 29 U.S.C. § 207(a).

118.   Pursuant to 29 U.S.C. § 207, Defendant was required not to employ J. Jenkins for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times J. Jenkins' regular rate of pay.

119.   During J. Jenkins' employment, he has frequently worked in excess of forty hours in a workweek.

120.   Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by J. Jenkins in violation of the FLSA, including 29 U.S.C. § 207(a).

121.   Pursuant to 29 U.S.C. § 207, Defendant was required not to employ T. Jenkins for a workweek longer than forty hours without paying compensation for her work at a rate of not less than one and one-half times T. Jenkins' regular rate of pay.

122.   During T. Jenkins' employment, she has frequently worked in excess of forty hours in a workweek.

123.   Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by T. Jenkins in violation of the FLSA, including 29 U.S.C. § 207(a).

17

124.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Mayhew for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Mayhew's regular rate of pay.

125.    During Mayhew's employment, he has frequently worked in excess of forty hours in a workweek.

126.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Mayhew in violation of the FLSA, including 29 U.S.C. § 207(a).

127.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ White for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times White's regular rate of pay.

128.    During White's employment, he has frequently worked in excess of forty hours in a workweek.

129.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by White in violation of the FLSA, including 29 U.S.C. § 207(a).

130.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Padilla for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Padilla's regular rate of pay.

131.    During Padilla's employment, he has frequently worked in excess of forty hours in a workweek.

18

132.   Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Padilla in violation of the FLSA, including 29 U.S.C. § 207(a).

133.   Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Thomas for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Thomas' regular rate of pay.

134.   During Thomas' employment, he has frequently worked in excess of forty hours in a workweek.

135.   Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Thomas in violation of the FLSA, including 29 U.S.C. § 207(a).

136.   Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Leeman for a workweek longer than forty hours without paying compensation for her work at a rate of not less than one and one-half times Leeman's regular rate of pay.

137.   During Leeman's employment, she has frequently worked in excess of forty hours in a workweek.

138.   Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Leeman in violation of the FLSA, including 29 U.S.C. § 207(a).

139. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Hensley for a workweek longer than forty hours without paying compensation for her work at a rate of not less than one and one-half times Hensley's regular rate of pay.

140. During Hensley's employment, she has frequently worked in excess of forty hours in a workweek.

141. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Hensley in violation of the FLSA, including 29 U.S.C. § 207(a).

142. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Rynard for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Rynard's regular rate of pay.

143. During Rynard's employment, he has frequently worked in excess of forty hours in a workweek.

144. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Rynard in violation of the FLSA, including 29 U.S.C. § 207(a).

145. Pursuant to 29 U.S.C. § 207, Defendant was and is required not to employ Maxwell for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Maxwell's regular rate of pay.

146. During Maxwell's employment, he has frequently worked in excess of forty hours in a workweek.

147.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Maxwell in violation of the FLSA, including 29 U.S.C. § 207(a).

148.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Nowlin for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Nowlin's regular rate of pay.

149.    During Nowlin's employment, he has frequently worked in excess of forty hours in a workweek.

150.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Nowlin in violation of the FLSA, including 29 U.S.C. § 207(a).

151.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Gillam for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Gillam's regular rate of pay.

152.    During Gillam's employment, he has frequently worked in excess of forty hours in a workweek.

153.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Gillam in violation of the FLSA, including 29 U.S.C. § 207(a).

21

154. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Glover for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Glover's regular rate of pay.

155. During Glover's employment, he has frequently worked in excess of forty hours in a workweek.

156. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Glover in violation of the FLSA, including 29 U.S.C. § 207(a).

157. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Arnold for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Arnold's regular rate of pay.

158. During Arnold's employment, he has frequently worked in excess of forty hours in a workweek.

159. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Arnold in violation of the FLSA, including 29 U.S.C. § 207(a).

160. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Davis for a workweek longer than forty hours without paying compensation for her work at a rate of not less than one and one-half times Davis' regular rate of pay.

161. During Davis' employment, she has frequently worked in excess of forty hours in a workweek.

22

162.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Davis in violation of the FLSA, including 29 U.S.C. § 207(a).

163.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Goens for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Goens' regular rate of pay.

164.    During Goens' employment, he has frequently worked in excess of forty hours in a workweek.

165.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Goens in violation of the FLSA, including 29 U.S.C. § 207(a).

166.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Syrus for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Syrus' regular rate of pay.

167.    During Syrus' employment, he has frequently worked in excess of forty hours in a workweek.

168.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Syrus in violation of the FLSA, including 29 U.S.C. § 207(a).

169.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Hines for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Hines' regular rate of pay.

170.    During Hines' employment, he has frequently worked in excess of forty hours in a workweek.

171.    Defendant negligently, without good faith, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Hines in violation of the FLSA, including 29 U.S.C. § 207(a).

172.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Hollingsworth for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Hollingsworth's regular rate of pay.

173.    During Hollingsworth's employment, he has frequently worked in excess of forty hours in a workweek.

174.    Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Hollingsworth in violation of the FLSA, including 29 U.S.C. § 207(a).

175.    Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Yungwirth for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Yungwirth's regular rate of pay.

176.    During Yungwirth's employment, he has frequently worked in excess of forty hours in a workweek.

24

177. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Yungwirth in violation of the FLSA, including 29 U.S.C. § 207(a).

178. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Browning for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Browning's regular rate of pay.

179. During Browning's employment, he has frequently worked in excess of forty hours in a workweek.

180. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Browning in violation of the FLSA, including 29 U.S.C. § 207(a).

181. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Suzano for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Suzano's regular rate of pay.

182. During Suzano's employment, he has frequently worked in excess of forty hours in a workweek.

183. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Suzano in violation of the FLSA, including 29 U.S.C. § 207(a).

184. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Chambers for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Chambers' regular rate of pay.

185. During Chambers' employment, he has frequently worked in excess of forty hours in a workweek.

186. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Chambers in violation of the FLSA, including 29 U.S.C. § 207(a).

187. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Keefer for a workweek longer than forty hours without paying compensation for his work at a rate of not less than one and one-half times Keefer's regular rate of pay.

188. During Keefer's employment, he has frequently worked in excess of forty hours in a workweek.

189. Defendant negligently, without good faith, knowingly, intentionally, willfully, and/or in bad faith, and continually and as a continuing violation, failed to pay all overtime compensation earned by Keefer in violation of the FLSA, including 29 U.S.C. § 207(a).

## COUNT III

### INDIANA WAGE PAYMENT STATUTE
### (N. WILLIAMS, TOWN, GRANT, MYERS, BARTON, JACKSON, MORRIS, C. WILLIAMS, WRIGHT, THACKER, GALBRAITH, AVILA, GAER. J. JENKINS, T. JENKINS, MAYHEW, WHITE, PADILLA, THOMAS, LEEMAN, RYNARD, MAXWELL, NOWLIN, ARNOLD, DAVIS, GOENS, SYRUS, HOLLINGSWORTH, YUNGWIRTH, BROWNING, KEEFER)

190.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

191.    N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, Avila, Gaer, J. Jenkins, T. Jenkins, Mayhew, White, Padilla, Thomas, Leeman, Rynard, Nowlin, Arnold, Davis, Goens, Syrus, Hollingsworth, Yungwirth, Browning, and Keefer all resigned their employment with Angie's List.

192.    Maxwell is a current employee of Angie's List.

193.    Angie's List is an employer subject to the Indiana Wage Payment Statute in that it employs or employed N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, Avila, Gaer, J. Jenkins, T. Jenkins, Mayhew, White, Padilla Thomas, Leeman, Rynard, Maxwell, Nowlin, Arnold, Davis, Goens, Syrus, Hollingsworth, Yungwirth, Browning, and Keefer in Indiana. Ind. Code § 22-2-5-1.

194.    Angie's List is required to pay N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, Avila, Gaer, J. Jenkins, T. Jenkins, Mayhew, White, Padilla, Thomas, Leeman, Rynard, Maxwell, Nowlin, Arnold, Davis, Goens, Syrus, Hollingsworth, Yungwirth, Browning, and Keefer for all wages earned to a date not more than 10 business days prior to the date of payment. Ind. Code § 22-2-5-1.

195.     Angie's List failed to pay N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, Avila, Gaer, J. Jenkins, T. Jenkins, Mayhew, White, Padilla, Thomas, Leeman, Rynard, Maxwell, Nowlin, Arnold, Davis, Goens, Syrus, Hollingsworth, Yungwirth, Browning, and Keefer for all wages earned, including but not limited to overtime hours worked, vacation pay, bonus pay, and/or commission pay within 10 business days of the dates they were earned, and/or within 10 business days of the dates of their resignations.

196.     N. Williams, Town, Grant, Myers, Barton, Jackson, Morris, C. Williams, Wright, Thacker, Galbraith, Avila, Gaer, J. Jenkins, T. Jenkins, Mayhew, White, Padilla, Thomas, Leeman, Rynard, Maxwell, Nowlin, Arnold, Davis, Goens, Syrus, Hollingsworth, Yungwirth, Browning, and Keefer have been damaged by Angie's List's violations of the Indiana Wage Payment Statute and are entitled to payment of all accrued and unpaid compensation, as well as liquidated damages, attorney fees, and expenses. Ind. Code § 22-2-5-2.

## COUNT IV
## INDIANA WAGE CLAIMS STATUTE (BURGESS, PIERCE, HENSLEY, GILLAM, GLOVER, SUZANO, HINES, CHAMBERS)

197.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth here.

198.     Angie's List terminated Gillam's employment on May 2, 2014.

199.     Angie's List terminated Hensley's employment on May 5, 2014.

200.     Angie's List terminated Burgess's employment on December 23, 2015.

201.     Angie's List terminated Pierce's employment in January 2016.

202.     Angie's List terminated Glover's employment on February 20, 2016.

28

203. Angie's List terminated Hines' employment on October 8, 2015.

204. Angie's List terminated Suzano's employment in June 2015.

205. Angie's List terminated Chambers' employment in June 2015.

206. Angie's List is an employer subject to the Indiana Wage Claims Statute in that it employed Burgess, Pierce, Hensley, Gillam, Glover, Hines, Suzano, and Chambers in Indiana. Ind. Code § 22-2-9-1(a).

207. All of Burgess's, Pierce's, Hensley's Gillam's Glover's, Hines', Suzano's, and Chambers' compensation, including all overtime compensation and residual commissions were due and payable no later than the regular pay day for the pay period in which separation occurred.

208. Angie's List failed to pay Burgess, Pierce, Hensley, Gillam, Glover, Hines, Suzano, and Chambers for all wages earned for overtime hours worked, and/or for residual commissions.

209. Burgess has received a letter of referral from the Indiana Department of Labor and Attorney General to permit her to bring an action in court.

210. Pierce has received a letter of referral from the Indiana Department of Labor and Attorney General to permit him to bring an action in court.

211. Hensley has received a letter of referral from the Indiana Department of Labor and Attorney General to permit her to bring an action in court.

212. Gillam has received a letter of referral from the Indiana Department of Labor and Attorney General to permit him to bring an action in court.

213. Glover has received a letter of referral from the Indiana Department of Labor and Attorney General to permit him to bring an action in court.

29

214.    Hines has received a letter of referral from the Indiana Department of Labor and Attorney General to permit him to bring an action in court.

215.    Suzano has received a letter of referral from the Indiana Department of Labor and Attorney General to permit him to bring an action in court.

216.    Chambers has received a letter of referral from the Indiana Department of Labor and Attorney General to permit him to bring an action in court.

217.    Burgess, Pierce, Hensley, Gillam, Glover, Hines, Suzano and Chambers have been damaged by Angie's List's violations of the Indiana Wage Claims Statute and is entitled to payment of all accrued and unpaid compensation, as well as liquidated damages, attorney fees, and expenses. Ind. Code §§ 22-2-9-4; 22-2-5-2.

## RELIEF REQUESTED

Plaintiffs Nick Williams, Andy Town, James Bryan Grant, Erin Burgess, Devin Myers, Andrew Barton, Nick Jackson, Jim Pierce, Dustin Morris, Chris Williams, Adam Wright, Dan Thacker, Ryan Galbraith, Robert Avila, Jeffrey Gaer, James Jenkins, Tina Jenkins, Zach Mayhew, Desmond White, Troy Padilla, Bob Thomas, Jennifer Leeman, Lisa Hensley, Matt Rynard, Sam Maxwell, Greg Nowlin, Adam Gillam, Justin Glover, Danny Arnold, Christine Davis, Todd Goens, Zach Syrus, Bill Hines, Derek Hollingsworth, Hagen Yungwirth, Mike Browning, Andre Suzano, James Chambers, Kelly Keefer and all other similarly situated employees request the following relief:

(a)    the full amount of their unpaid and/or underpaid overtime wrongfully withheld from payment in violation of § 207(a), and equal amounts as liquidated damages;

30

(b)     all wages and economic benefits under the Indiana Wage Payment Statute and/or Indiana Wage Claims Statute, including but not limited to wages earned, overtime compensation, vacation pay, bonus pay, commission pay, and double amounts as liquidated damages;

(c)     pre-judgment and post-judgment interest;

(d)     costs, expenses, and attorneys' fees; and

(e)     all other damages to which they may be entitled to in the premises.

Respectfully submitted,


__/s/ Kathleen A. DeLaney_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
Attorneys for Plaintiff


DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205

31

## <u>JURY DEMAND</u>

Plaintiffs Nick Williams, Andy Town, James Bryan Grant, Erin Burgess, Devin Myers, Andrew Barton, Nick Jackson, Jim Pierce, Dustin Morris, Chris Williams, Adam Wright, Dan Thacker, Ryan Galbraith, Robert Avila, Jeffrey Gaer, James Jenkins, Tina Jenkins, Zach Mayhew, Desmond White, Troy Padilla, Bob Thomas, Jennifer Leeman, Lisa Hensley, Matt Rynard, Sam Maxwell, Greg Nowlin, Adam Gillam, Justin Glover, Danny Arnold, Christine Davis, Todd Goens, Zach Syrus, Bill Hines, Derek Hollingsworth, Hagen Yungwirth, Mike Browning, Andre Suzano, James Chambers, and Kelly Keefer by counsel, respectfully request a trial by jury on all issues so triable.

Respectfully submitted,

__/s/ Christopher S. Stake_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205

32

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Amy Wilson
Jennifer Rulon
Neal Shah
Frost Brown Todd LLC
awilson@fbtlaw.com
jrulon@fbtlaw.com
nshah@fbtlaw.com

                                                  */s/ Christopher S. Stake*_____
                                                  Christopher S. Stake

DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205

33