IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICK WILLIAMS, et al., <br> On Behalf of Themselves and <br> All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ANGIE'S LIST, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     CAUSE NO.  1:16-cv-878-WTL-MJD |

## PLAINTIFFS' MOTION TO COMPEL

Plaintiffs, by counsel and pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, respectfully requests that the Court order Defendant Angie's List, Inc. ("Angie's List") to respond to Request for Production No. 5 propounded by Plaintiffs, and provide Plaintiffs with documents responsive to Request for Production No. 5. Plaintiffs further request that this Court enter an order requiring Angie's List to reimburse Plaintiffs for the reasonable attorney fees and costs it incurred in bringing this Motion. The grounds for this motion and evidence relied upon in support of this motion are being filed contemporaneously with this motion.  In support of this motion, and in compliance with the requirements of Local Rule 37-1(a) and (b), Plaintiffs state as follows:

1. On June 15, 2016, Plaintiffs served Angie's List with their First Requests for Production of Documents. Request for Production No. 5 requested "All databases of Sales Force, including but not limited to all timed login and log out information of Plaintiffs, from April 19, 2013 to the present.

2. On September 13, 2016, Angie's List served its Responses to Plaintiffs' First Requests for Production of Documents. In response to Request for Production No. 5, Angie's List stated:

> Defendant objects to this Request because it is not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent this Request seeks confidential or proprietary information. Defendant further objects that Sales Force is a third party and Defendant does not have possession, custody, or a legal right to obtain the databases of Sales Force sought in this Request. To the extent Plaintiffs reasonably clarify and limit this Request, Defendant will reconsider and/or supplement its Response.

3. Counsel for Plaintiffs sent Angie's List a 37-1 Letter on September 29, 2016, requesting, *inter alia*, the Sales Force records. Counsel for the parties held meet-and-confer conferences by telephone on October 19, 2016, October 26, 2016, and November 4, 2016. The parties participated in an in-person discovery conference with Magistrate Judge Dinsmore on November 9, 2016. Dkt. 67. Following that Discovery Conference, Angie's List agreed to: (1) request Sales Force data from the time period of September 1, 2014 to August 31, 2015; and (2) produce the data they received from Sales Force "as is" to Plaintiffs within three business days of receipt. Angie's List estimated that its production of these Sales Force records would be completed by mid-December 2016.

4. As of January 24, 2017, Angie's List had only produced Sales Force data for the dates of August 1-11, 2015. On that date, counsel for Plaintiffs wrote a letter to counsel for Angie's List, requesting an update on the status of the production of Sales Force data.

5. Counsel for Angie's List produced Sales Force data from September 1, 2014 - August 31, 2015 on January 31, 2017, and February 7, 2017.

6. On February 21, 2017, the counsel for the parties participated in an in-person Discovery Conference with Magistrate Judge Dinsmore. Dkt. 91. At that conference, counsel for

Plaintiffs requested production of additional Sales Force data within the time period relevant to this lawsuit, including: (a) April 19, 2013 – August 31, 2014; and (b) September 1, 2015 to the present. Counsel for Plaintiffs stated that, based on their preliminary review of the Sales Force data that had been produced, the information was relevant and useful, and that it would be necessary to obtain data for the entire time periods at issue in this lawsuit. Counsel for Angie's List did not agree to produce any additional Sales Force data for any other time periods beyond what it had already produced. The Court authorized Plaintiffs to file a motion to compel. Dkt. 91.

WHEREFORE, Plaintiffs respectfully request the Court enter an order compelling Angie's List to produce all Sales Force records responsive to Request for Production No. 5, for the reasonable attorney's fees and costs Plaintiffs incurred in bringing this Motion, and for all other just and proper relief.

        Respectfully submitted,

        __/s/ Kathleen A. DeLaney_____
        Kathleen A. DeLaney (#18604-49)
        Christopher S. Stake (#27356-53)
        Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 10, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

  Amy Wilson
  Jennifer Rulon
  Neal Shah
  Frost Brown Todd LLC
  awilson@fbtlaw.com
  jrulon@fbtlaw.com
  nshah@fbtlaw.com

               */s/ Kathleen A. DeLaney*
               Kathleen A. DeLaney

DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205