UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICK WILLIAMS, *et al.* | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 1:16-cv-00878-WTL-MJD ) |
| ANGIE'S LIST, INC., | ) ) |
| Defendant. | ) ) |

**ORDER ON MOTION FOR PROTECTIVE ORDER TO LIMIT DURATION AND SCOPE OF PLAINTIFFS' DEPOSITION**

This matter is before the Court on Plaintiff's *Motion for Protective Order to Limit Duration and Scope of Plaintiffs' Depositions*. [Dkt. 143.] There are 49 individual plaintiffs in this action. Plaintiffs seek to limit the duration of each Plaintiff's depositions to two hours and limit the scope of those depositions to designated topics. As the Court has already imposed a 220-hour limit on the total deposition hours (to be divided among the 49 plaintiffs and six additional witnesses) [Dkt. 153], Plaintiffs' proposed temporal limitation is denied as moot and the Court will confine this Order to Plaintiffs' request to define the scope of the depositions.

District courts may limit discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity to obtain the information...or...the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). Federal Rule of Civil Procedure 26 allows courts to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26. The burden lies with the party seeking the protective order to show

1

good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981).

Plaintiffs assert Defendant's deposition questions should be limited to the following four topics: number of hours Plaintiffs' worked at Angie's List; whether they were paid overtime for all overtime hours; the rate at which they were paid overtime (if at all); and, whether their hours were accurately recorded. Additionally, Plaintiffs assert that Defendant should be prohibited from questioning Plaintiffs on "irrelevant topics" such as work history prior to Angie's List, work history subsequent to Angie's List, work performance or disciplinary history at Angie's List, communications with Angie's List employees, and details relating to the current employment of some Plaintiffs with HomeAdvisor, a competitor of Angie's List. [Dkt. 144 at 3.] The Court notes that Plaintiffs do not argue that deposition questions concerning these topics would annoy, embarrass, oppress or unduly burden Plaintiffs.

Defendant argues that Plaintiffs' proposed restrictions, tailored to Plaintiffs' alleged damages, would deprive Angie's List of relevant, discoverable information and limit Angie's List to a lower discovery threshold than it would be entitled if this was a single plaintiff case. The Court agrees. The Court has already imposed a limit on the number of deposition hours, which should alleviate Plaintiffs' concern that Angie's List's will "needlessly waste time" with irrelevant questions. [Dkt. 144 at 9.] Plaintiffs' argument that they are entitled to a protective order because Plaintiffs have already provided the information in written discovery is equally unpersuasive. "Parties to litigation do not have to accept their opponent's statement that all relevant evidence has been produced via a given discovery vehicle—they are entitled to test this

assertion in questioning witnesses during depositions." *Milwaukee Elec. Tool Corp. v. Chervon N. Am., Inc.*, 2015 WL 4393896, at *5 (E.D. Wis. July 16, 2015).

The Court finds Plaintiffs have failed to demonstrate good cause pursuant to Rule 26(c) for a protective order narrowing the scope of their depositions. Consequently, Plaintiffs' *Motion for Protective Order to Limit Duration and Scope of Plaintiffs' Depositions* [Dkt. 143] is **DENIED**.

Dated: 28 AUG 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com

Neal Shah
FROST BROWN TODD LLC
nshah@fbtlaw.com

Jennifer Ann Rulon
FROST BROWN TODD LLC (Cincinnati)
jrulon@fbtlaw.com